GRIFFIN, Circuit Judge,
dissenting.
I respectfully dissent. I would affirm for the reasons stated by the district court.
Tennessee law presumes that employment is at-will absent “unequivocal language demonstrating the employer’s intent” to enter into a contract changing the employment to a just-cause relationship. Brown v. City of Niota, 214 F.3d 718, 721 (6th Cir.2000) (quoting Reed v. Alamo Rent-A-Car, 4 S.W.3d 677, 688 (Tenn.Ct.App.1999)). This is a “high standard.” Id. To that end, permissive language, as in a policy under which an employer “may” fire an employee for cause, is insufficient to convert an employee handbook, such as the Police Manual, into a binding contract with a just-cause termination standard. See id. at 721-22.
Here, the district court followed its previous decision in Madden v. City of Decherd, No. 4:10-cv-13 (E.D.Tenn. March 27, 2012), to hold that the Police Manual does not contain clear and unequivocal language changing the employment relationship of at-will specified by the City Personnel Policy and presumed by state law. Specifically, as noted by the district court, the Police Manual begins with the following policy statement: “It is the policy of this agency to avoid terminating an otherwise productive member when conduct, behavior or performance problems occur, if possible.” (Emphasis added.) Further, the section of the Police Manual relied upon by plaintiffs states in full: “When discipline is deemed appropriate, this agency will use a progressive system when practicable. Furthermore, discipline shall be for cause and shall follow the basic concepts of due process.” (Emphasis added.)
Thus, the goal of the Police Manual is progressive discipline “if possible” and when “practicable” and “appropriate” in the judgment of the City. In my view, the Police Manual is riddled with permissive language which does not show an unequivocal intent to bind the City to just-cause employment. The district court, in adopt *671 ing the magistrate judge’s report and recommendation, agreed and quoted Madden:
[The Police Manual] does not conflict with either the presumption that the City of Decherd is an at-will employer or [the Personnel Policy’s] explicit statement to that effect. The portion of the [Police Manual] on which Plaintiff relies outlines the Decherd Police Department’s “grievance and disciplinary procedures.” In its introduction, it provides a general policy statement that: “It is the policy of this agency [i.e., the Decherd Police Department] to avoid terminating an otherwise productive member when conduct, behavior or performance problems occur, if possible.” When, in the following section, it defines the processes by which the police department will employ discipline, the Resolution states: “When discipline is deemed appropriate, this agency will use a progressive system when practicable. Furthermore, discipline shall be for cause and shall follow the basic concepts of due process.”
(Internal record citations omitted). I see no reason to depart from this rationale, as it is consistent with Tennessee law. See Brown, 214 F.3d at 721-22. As in Madden, plaintiffs have not shown a protecta-ble property interest by virtue of the Police Manual because they have not shown that the Police Manual created a binding contract between themselves and the City modifying the at-will presumption.
For the foregoing reasons, I would affirm the district court and therefore respectfully dissent.